# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAMUR NASIMOV,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 25-7420** |
| **v.** | : | |
| | : | |
| **JAMAL L. JAMISON,** *Warden of* | : | |
| *Philadelphia Federal Detention Center*, | : | |
| **et al.,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 31st day of December 2025, upon consideration of Petitioner Mamur Nasimov's ("Petitioner"), *emergency petition for a writ of habeas corpus*, ("Petition"), (ECF 1), it is hereby **ORDERED** that:[1]

1. The Clerk of the Court shall forward electronically a copy of the Petition, (ECF 1), this Order, and the Clerk's office acceptance of service form to the Chief, Civil Division, at the Philadelphia United States Attorney's Office;

2. Respondents shall formally file, with a copy to this Court, an expedited answer in response to the Petition, along with its exhibits, copies of all relevant documents, and an index of exhibits by ***January 5, 2026***. The answer shall state the statutory authority

---

[1] Petitioner, an asylum applicant, filed this Petition pursuant to 28 U.S.C. § 2241. According to the Petition, on or about February 1, 2023, Petitioner entered the United States at the U.S./Mexico border without inspection and was placed in removal proceedings. He has filed an Application for Asylum with the Immigration Court, which is pending. During a routine required check-in at the Philadelphia U.S. Immigration and Customs Enforcement Field office, on December 30, 2025, Petitioner was arrested and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). As such, Petitioner is being held without an opportunity to post bond, or review of his custody by an Immigration Judge allegedly pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Petitioner now seeks *habeas* relief, arguing, *inter alia*, that he is not subject to Section 1225(b)(2) and that his detainment violates the Fifth Amendment's Due Process Clause of the United States Constitution.

Under the circumstances of this case, this Court finds that an expedited briefing is necessary to ensure a prompt and fair disposition of Petitioner's request. 28 U.S.C. foll. § 2254, Rule 1, 4.

for Petitioner's detainment, *see* 28 U.S.C. § 2243, and provide the related legal analysis and record evidence supporting the asserted statutory basis for the detention. The answer shall also address whether a bond hearing is required;

3. Respondents are to serve Petitioner's counsel with the answer certified;

4. Petitioner may file a reply to Respondent's answer by January 7, 2026;

5. Respondents ***shall not*** move or remove Petitioner outside of City of Philadelphia or outside the Philadelphia Federal Detention Center, Pennsylvania, during the pendency of this matter. Any such movement of Petitioner will be deemed a violation of this Order; and

6. Any request to deviate from this Order shall be made by motion.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*