# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAMUR NASIMOV,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 25-7420** |
| **v.** | : | |
| | : | |
| **JAMAL L. JAMISON,** *Warden of* | : | |
| *Philadelphia Detention Center, et al.*,[1] | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 23rd day of January 2026, upon consideration of the Petitioner, Mamur Nasimov's letter request dated January 22, 2026, it is hereby **ORDERED** that the request made for Mr. Nasimov's immediate release is **DENIED**.[2]

---

[1] The named Respondents are David O'Neill, in his official capacity as Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, Kristi Noem, in her official capacity as the Secretary of the United States Department of Homeland Security, Pamela Bondi, in her official capacity as the Attorney General of the United States, and Jamal L. Jamison, in his official capacity as warden of the Philadelphia Federal Detention Center.  Respondents will be addressed collectively as the "Government."

[2] Mr. Nasimov a native and citizen of Uzbekistan who arrived in the United States via the United States-Mexico border on or around February 1, 2023, (ECF 1 at ¶ 2), and was arrested on December 30, 2025, by Immigration and Customs Enforcement ("ICE"), during a routine check-in with immigration officials at the Philadelphia ICE/Enforcement and Removal Operations office, (*Id.* ¶ 4).  Since his arrest, Petitioner has remained in the Government's custody.  The Government was ordered to hold a bond hearing to determine whether Petitioner should be held pending a final determination of removal.  (ECF 6. 7).  Initially, this Court communicated to the Government that could conduct that bond hearing in its courtroom but later informed the Government it could not.

On January 15, 2026, the Government wrote to the Court and represented that the only means by which it could facilitate a bond hearing in compliance with the Court's January 13, 2026 Order was to either conduct it in this Court's courtroom or in "a facility where the hearing could be conducted on site." (ECF 8).  Telephonically, that same day, the Government represented to this Court that the only facility where it could be conducted such hearing would be Moshannon Valley Processing Center, ("Moshannon").  Accordingly, by Order dated January 15, 2026, this Court directed Mr. Nasimov's transfer to Moshannon for the *sole* purpose of the Government complying with the January 13, 2026 Order.  (ECF 9).  The Order further stipulated that should Mr. Nasimov be denied bond, he be returned to the Federal Detention Center in Philadelphia, Pennsylvania.  (*Id.*).  The next day, on January 16, 2026, the Government filed a motion for a three-day extension of time to hold Mr. Nasimov's bond hearing, (ECF 10), which this Court granted, (ECF 11).

It is further **ORDERED** that, pursuant to the January 15, 2026 Order, (ECF 9), Mr. Nasimov be returned to the Federal Detention Center in Philadelphia, Pennsylvania, and be permitted to file an appeal of his bond hearing to the Board of Immigration Appeals.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

At the bond hearing held on *January 22, 2026*, , the IJ found that Mr. Nasimov was a flight risk and denied him bond. (ECF 12 at 2). Counsel for the Government represented to this Court that that Mr. Nasimov's bond hearing had not taken place by January 21, 2026 pursuant to the Court's Order because "the matter had 'fallen off' the immigration judge's docket." (ECF 13). Mr. Nasimov's counsel now moves this Court for his immediate release. (ECF 12).

Though sympathetic to his argument, Mr. Nasimov was provided with a bond hearing, *albeit* one day after the Court-ordered deadline. Accordingly, this Court finds no reason, except the lateness of the hearing, to now order his immediate release and disrupt the IJ's determination. Undisputedly, Mr. Nasimov received the remedy he requested and which this Court granted — ordering a bond hearing. Mr. Nasimov is, of course, entitled to appeal that determination to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19(f).

As a final point, this Court reminds the Government of its duty to comply with the orders of this Court. Accordingly, the Government is on notice that this Court will not tolerate any future non-compliance of its Orders.